ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| ANOHISKA M. CARDONA TORRES<br><br>Apelada<br><br>v.<br><br>JOSÉ ALBERTO ALICEA PIÑEIRO<br><br>Apelante | TA2025AP00660 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2024CV02652<br><br>Sobre: Liquidación de Comunidad de Bienes |
|---|---|---|

Panel integrado por su presidenta la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 28 de enero de 2026.

El 10 de diciembre de 2025, el Sr. José Alberto Alicea Piñeiro (señor Alicea Piñeiro) presentó un recurso intitulado *Apelación Civil*. En este nos solicitó que revisemos la *Orden* que emitió el Tribunal de Primera Instancia, Sala de Carolina, el 9 de noviembre de 2025, notificada y archivada en autos el 10 de noviembre de 2025. Mediante esta, el foro primario declaró *No Ha Lugar* la solicitud de Relevo de Sentencia que presentó el señor Alicea Piñeiro el 19 de octubre de 2025.

El recurso se presentó como una apelación, sin embargo, por tratarse de la revisión de una decisión emitida luego de dictada la sentencia debió presentarse como un *Certiorari*. Así lo acogemos, conservando el alfanumérico ya otorgado.

Por los fundamentos que exponemos, decretamos el archivo administrativo del presente caso por la radicación de quiebra del señor Alicea Piñeiro.

**I.**

El matrimonio entre José Alberto Alicea Piñeiro y Anohiska M. Cardona Torres quedó disuelto, por lo que, el 9 de agosto de 2024, la señora Cardona Torres presentó una demanda para la liquidación de la Comunidad de Bienes existente entre las partes.

Luego de ciertos trámites procesales, el 6 de mayo de 2025, las representaciones legales de las partes presentaron un escrito intitulado *Moción Sometiendo Acuerdo Transaccional*. En atención a ello, el 6 de mayo de 2025, notificada al siguiente día, el foro primario dictó *Sentencia*.

El 13 de mayo de 2025, la señora Cardona Torres presentó una *Moción Solicitando Imposición de Sanciones y Desacato*. Alegó que el señor Alicea Piñeiro no satisfizo la suma de $20,000.00 acordada. El 19 de mayo de 2025, el señor Alicea Piñeiro presentó una *Moción en Solicitud de Remedios y en Oposición a Moción de Desacato*.

Más adelante, el 9 de julio de 2025, la señora Cardona Torres presentó una *Moción Solicitando Ejecución de Sentencia*. Luego de otros trámites, el 23 de septiembre de 2025, notificada el 10 de octubre de 2025, el foro de instancia dictó la *Orden Sobre Ejecución de Sentencia*, por la cantidad principal de $20,000.00, más intereses y gastos de ejecución. Ese mismo día, 10 de octubre, se expidió el *Mandamiento de Ejecución*.

Así las cosas, el 19 de octubre de 2025, el señor Alicea Piñeiro presentó una *Solicitud De Relevo de Sentencia* al amparo de la Regla 49.2 de las de Procedimiento Civil. En escrito de igual fecha, el señor Alicea Piñeiro también solicitó la paralización de la orden de ejecución de sentencia y de los trámites ulteriores.

El 9 de noviembre de 2025, la señora Cardona Torres replicó mediante una *Moción en Cumplimiento de Orden en Réplica a*

*Relevo de Sentencia al Amparo de la Regla 49.2 de las de Procedimiento Civil y de Paralización de Ejecución de Sentencia.*

En respuesta, el 9 de noviembre de 2025, notificada el 10 de noviembre de 2025, el tribunal de primera instancia declaró *No Ha Lugar* a la *Solicitud de Relevo de Sentencia* que instó el señor Alicea Piñeiro.

En desacuerdo, el 10 de diciembre de 2025, el señor Alicea Piñeiro acudió a este foro de revisión intermedio, en el que planteó dos señalamientos de error que, a su juicio, cometió el tribunal de primera instancia.

Recibido el recurso, el 15 de diciembre de 2025, le concedimos treinta (30) días a la señora Cardona Torres para que presentara su posición al recurso. En respuesta, el 16 de enero de 2026, la señora Cardona Torres presentó una *Moción Asumiendo Representación y en Solicitud de Prorroga.* En esta, nos solicitó una extensión de quince (15) días para presentar su posición.

Mediante Resolución emitida el 20 de enero de 2026, se aceptó la representación legal de la apelada, más se le concedió hasta el 1ro de febrero de 2026 para presentar su posición.

Al revisar el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI)[1], tomamos conocimiento judicial de que el 15 de diciembre de 2025, posterior a la presentación del presente recurso, el señor Alicea Piñeiro presentó ante el foro de primera instancia, una *Moción Informativa y en Solicitud de Orden para que se Paralice la Orden de Ejecución de Sentencia y los Trámites Ulteriores*[2]. En el

---

[1] De conformidad con la facultad que nos concede la Regla 77(D)(2) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas.*, Reglamento TA, 2025 TSPR 42, 215 DPR ___ (2025).

[2] SUMAC TPI, entrada 61.

referido escrito, informó que, "[e]l 17 de septiembre de 2025 el señor José Alicea Piñeiro radicó una petición de quiebra al amparo del Capítulo 13. Por lo que cualquier gestión de cobro contra el aquí compareciente quedó paralizada. Anejo 1". En el anejo 1 incluyó un documento de la Corte de Quiebra, Distrito de Puerto Rico, intitulado "Notice of Bankruptcy Case Filing". Este indica, en parte, lo siguiente: "A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 13 of the United States Bankruptcy Code, entered on 10/17/2025 at 5:09pm and filed on 10/17/2025." [……..]

En atención al referido petitorio, el 15 de diciembre de 2025, notificada el 29 de diciembre de 2025, el foro primario emitió la siguiente *Orden*: "Se paraliza cualquier procedimiento de ejecución por quiebra"[3].

A la luz de lo esbozado, ante la paralización de los procedimientos ante el foro primario por la quiebra del señor Cardona Torres, solo nos resta, como foro apelativo, declararnos sin jurisdicción.

## II.

Es norma asentada que la Sección 362 (a) del Código de Quiebras, 11 USC sec. 362, establece la paralización automática (automatic stay) de todo procedimiento o actuación contra una persona o entidad que presenta una petición de quiebra ante la Corte de Quiebras. De esta forma, se paraliza automáticamente todo proceso judicial o extrajudicial de cobro de dinero en contra del deudor, incluso puede también impedir la ejecución de sentencias obtenidas previo al inicio del caso o detener la creación, perfección o ejecución de un gravamen anterior a la

---

[3] SUMAC TPI, entrada 62.

interposición de la quiebra. BPPR v. SLG Gómez-López, 213 DPR 314, 329-330 (2023); Peerles Oil v. Hnos. Torres Pérez, 186 DPR 239, 255-256 (2012); Marrero Rosado v. Marrero Rosado, 178 DPR 476, 490-491 (2010).

Asimismo, la paralización automática bajo el Código de Quiebras tiene un efecto inmediato con la mera presentación que no requiere una notificación formal para que surta efecto y a su vez, provoca que los tribunales estatales queden privados de jurisdicción automáticamente. Íd.

### III.

La acción que atendemos versa sobre la ejecución de una sentencia para el cobro de dinero. En virtud de la paralización automática que implica la presentación de una petición de quiebras y la consecuente Orden que emitió el foro primario para paralizar los procedimientos de ejecución, nos vemos impedidos de atender los méritos del presente recurso.

En consecuencia, se decreta el archivo administrativo de la presente causa, hasta tanto una de las partes nos certifique que se ha levantado la paralización o hasta que por otro fundamento proceda continuar con los procedimientos.

### IV.

Por las razones antes indicadas, se ordena el archivo administrativo del recurso presentado.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones